Jimmy A. GRIFFIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1081S282.

Supreme Court of Indiana.

Aug. 27, 1982.

Susan K. Carpenter, Public Defender of Ind., David P. Freund, Deputy Public Defender, Kenneth M. Stroud, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Jimmy Griffin was convicted of Theft-Receiving stolen property, Ind. Code § 35–43–4–2 (Burns Supp.

1982), at the conclusion of a jury trial in Rush Circuit Court on April 28, 1981. He was sentenced to thirty-four (34) years in prison, four (4) years on the underlying offense and an additional thirty (30) years for a finding of habitual offender. Defendant now appeals.

This appeal presents five issues for our review. As we find that there were only two issues where the trial court committed error, and both issues are related, it is necessary to treat only those two issues.

Defendant Griffin was originally charged in five counts, the first four charging him with theft and the fifth alleging that he is an habitual criminal because he has twice previously been convicted of felonies. Each of the four counts charging theft named the person from whom the property was taken and generally described the stolen property. Count V stated in total: "That the defendant, Jimmy Griffin, is an habitual offender by virtue of having accumulated at least two prior unrelated felony convictions."

Attached to this information were probable cause affidavits setting out in detail thefts committed by defendant, giving locations, victims, and property taken. Also related in the probable cause affidavit were a number of prior convictions for felonies of this defendant. These filings were made on December 8, 1980. On February 5, 1981, the information was amended as follows:

## AMENDED INFORMATION

Comes now the State of Indiana by William B. Keaton, Prosecuting Attorney, and for an Amended Information herein says as follows:

### Count I

### Receiving Stolen Property

That on or about the 6th day of December, 1980, in the County of Rush, State of Indiana, Jimmie (sic) A. Griffin did knowingly receive the property of another person that had been the subject of theft.

That said acts constitute the felony of Receiving Stolen Property as found in I.C. 35–43–4–2(b).

/s/ William B. Keaton
William B. Keaton
Prosecuting Attorney

All parties agree that this Amended Information intended to and did take out all five of the original counts and was the only remaining charge against this defendant.

The Public Defender has raised, for the first time on direct appeal, an issue in behalf of this defendant that relates to the principal charge, i.e., receiving stolen property. This issue concerns defendant's belief that the guilty verdict is contrary to law because the State's amended information, by which Griffin was charged with the crime, fails to state the facts and circumstances necessary to apprise the defendant of the charges against him. The information on which the defendant was tried contained one count, stating nothing more than on the 6th day of December, 1980, Griffin knowingly received the property of another person that had been the subject of theft and that this act constituted a felony under Ind.Code § 35–43–4–2(b). It was signed by the Rush County Prosecuting Attorney, William B. Keaton. This information is not sworn to by anyone and is only arguably approved by the Prosecuting Attorney since it is simply signed by him. There are no facts given which indicate what property was stolen and from whom, nor where he had received the alleged stolen property or from whom. As the defendant points out, this information failed in any way to give him notice of the charges he was facing so that he might properly defend himself and further, did not adequately describe the charge so that he could plead this present conviction should he subsequently be charged with receiving the same property. Therefore, the defendant argues that being tried on the amended information violated his right to due process and the error could be raised for the first time on appeal since it constituted fundamental error.

It has been clearly established that this Court can recognize fundamental error even though it was not raised at the trial, in

the motion to correct errors, or even in the direct appeal to this Court if the error is so blatant that it appears on the face of the record. In *Young v. State*, (1967) 249 Ind. 286, 231 N.E.2d 797, Justice Hunter, writing for a unanimous Court, pronounced:

> "However, as a court of review we cannot ignore a fundamental error apparent on the face of the record, *Wilson v. State* (1943), 222 Ind. 63, 51 N.E.2d 848, for one is not to be deprived of his liberty because of carelessness on the part of the trial judge and of defense councel (sic) in failing to call to the attention of this Court a gross error which offends our concepts of criminal justice."

*Id.* at 289, 231 N.E.2d at 799.

This position has been reaffirmed repeatedly by this Court. *Thomas v. State*, (1981) Ind., 428 N.E.2d 231; *Nelson v. State*, (1980) Ind., 409 N.E.2d 637; *Rogers v. State*, (1979) Ind., 383 N.E.2d 1035; *Beasley v. State*, (1977) 267 Ind. 396, 370 N.E.2d 360.

The Court of Appeals, citing *Young, supra*, in *Addis v. State*, (1980) Ind.App., 404 N.E.2d 59, also stated:

> "It is a fundamental tenet of pleading criminal causes that the Information must set "forth the nature and the elements of the offense charged in plain and concise language...." Ind.Code 35–3.1–1–2; *see Wilson v. State*, (1975) 164 Ind. App. 665, 330 N.E.2d 356, 359. This precision in pleading, which is embraced within our constitution,[3] is designed to afford all criminal defendants the safeguards guaranteed by due process of law. To permit a 'conviction upon a charge not made would be sheer denial of due process.' *Thompson v. City of Louisville*, (1960) 362 U.S. 199, 206, 80 S.Ct. 624, 629, 4 L.Ed.2d 654; *De Jonge v. State of Oregon*, (1937) 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278. As the United States Supreme Court in *Cole v. State of Arkansas*, (1948) 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644, explicitly stated:
>
> > 'No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal .... It is as much a *violation of due process* to send an accused to prison following conviction of a charge on which he was never tried as it would be *to convict him upon a charge that was never made.'* (emphasis added)

333 U.S. at 201, 68 S.Ct. at 517.

> It is no defense that this error was not presented to the trial court or argued by appellant in her initial appellate brief. We do not believe defense counsel's ineptitude is (sic) not calling to the court's attention the fact Joretta Addis was convicted upon a charge never made authorizes us to further perpetuate this error by reviewing whether the evidence was sufficient to support a conviction upon a charge never made."

*Id.* 404 N.E.2d at 62–63 (footnote omitted).

■ The first four counts of the original information described the stolen property and named the owners of the stolen goods, but the amended information alleged only that the defendant knowingly received stolen property. There was no description of the property at all or any indication as to the identities of the rightful owners. Even though the defendant did not question the adequacy of the information at any time during the trial, the fact remains that the defendant was tried on a charge which was totally inadequate in informing him about what he should defend against and his conviction also places him in jeopardy should he be tried again for these crimes because this Court cannot determine, from the information, what was the property that defendant received as stolen goods. The trial court is accordingly ordered to set aside the defendant's conviction for receiving stolen property and to dismiss the charges.

Even though the reversal of conviction on the underlying offense also eliminates the defendant's status as an habitual criminal, we find that the trial court also erred in handling this phase of defendant's trial. Because we feel that this problem may arise

in subsequent trials, we will also address the issue in this appeal.

On March 2, 1981, the State filed a pleading entitled: "Notice of Intent to Seek Habitual Offender Status." This pleading read as follows:

### NOTICE OF INTENT TO SEEK HABITUAL OFFENDER STATUS

Comes now the State of Indiana by William B. Keaton, Prosecuting Attorney, and hereby notifies the Court and the defendant that the State will seek to have the defendant sentenced as an habitual offender upon conviction of the felony charged in the Amended Information filed in this cause.

The defendant, Jimmy A. Griffin, is an habitual offender by virtue of having accumulated at least two prior unrelated felony convictions.

/s/ William B. Keaton
William B. Keaton
Prosecuting Attorney

On April 27, 1981, the first day of trial but prior to the selection of a jury, Griffin filed a Motion to Dismiss the pleading filed by the State purporting to have defendant tried as an habitual offender on the grounds that the original information had been succeeded by the amended information and that Count V, charging the defendant with being an habitual offender, was no longer in effect. Defendant argued that the Notice of Intent to Seek Habitual Offender Status was not filed as a part of the information charging him with the underlying offense and therefore he was not properly charged at all; that the document does not sufficiently describe the charge to give him notice; and, further, that he was never arraigned on the charge. The trial court overruled the defendant's Motion to Dismiss, finding that the Amended Information did, in fact, replace the original information, including all five counts thereof. The court also found that the State's Notice of Intent to Seek Habitual Offender Status did adequately notify the defendant and properly brought the issue of habitual offender status before the court and jury.

Defendant Griffin renewed his objections to the court's failure to arraign him and refusal to dismiss the habitual allegation throughout the proceedings, raised the issue in his Motion to Correct Errors and now raises the issue before us here.

Defendant contends that statutory and case law provides and contemplates that the State's allegation that a person is an habitual offender must be a part of the charging instrument, either by information or indictment, and procedurally must be brought in the same manner as the principal charge or charges in the charging instrument. The State contends that since the finding of an habitual offender is not a separate criminal charge but is only a sentencing provision that seeks to have the sentence of the defendant increased by thirty (30) years for the principal crime, there is no formal requirement for raising the issue at trial except to give the defendant notice that the State intends to seek such a finding. The State claims that here defendant was adequately notified that the State intended to have him determined to be an habitual offender and that Griffin had sufficient information regarding the charge because the probable cause affidavits set out many of his prior felony convictions. Defendant's prior convictions were also furnished to the defendant by the State in discovery procedures. Defendant was never notified, however, as to which two prior convictions the State intended to rely upon. We feel that the contentions of the State indicate a complete misunderstanding of the law on this subject. The Defendant's position is well taken that the potential for an additional thirty year sentence requires the same procedural safeguards as those required for any other charge that takes away an individual's liberty.

█ It is clear the Legislature intended that the habitual offender allegation would be a part of the charging information and would, in all ways, comply procedurally with the bringing of the original charges. Ind.Code § 35–50–2–8(a) (Burns Supp. 1982) provides: "The State may seek to have a person sentenced as an habitual of-

fender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two [2] prior unrelated felony convictions." The statute expressly provides that the information itself shall contain these allegations and also provides that it be on a separate page, thereby protecting the defendant in the trial on the underlying offense because the jury is not informed, at that time, of his prior convictions. This is the interpretation placed on this statute by this Court, and our holding in *Lawrence v. State*, (1972) 259 Ind. 306, 286 N.E.2d 830, provided the proper procedure for charging a defendant with habitual criminal status. The procedure set out in *Lawrence* has been reaffirmed in many recent opinions, including *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289, and *Mitchell v. State*, (1979) Ind., 398 N.E.2d 1254.

Prior to *Lawrence, supra*, it was customary for the information to charge the principal felony and to add a count alleging that the defendant was an habitual offender. When this procedure was followed, the jury was informed of the defendant's prior felony convictions before determining whether the defendant was guilty or innocent on the underlying felony. *Lawrence* sought to remedy this prejudice to the defendant by adopting the example set out in *State v. Ferrone*, (1921) 96 Conn. 160, 113 A. 452:

"The information should be divided into two parts. In the first the particular offense with which the accused is charged should be set forth, and this should be upon the first page of the information and signed by the prosecuting officer. In the second part former convictions should be alleged, and this should be upon the second page of the information separable from the first page and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, and they should be charged to inquire on that issue. Of course, the accused may plead guilty to this part of the information, and then no further proceedings before or by the jury would be necessary. No reason appears why the accused, if he should choose, might not submit this issue to the court without the jury."

In *Mitchell, supra*, count eight of the information against the defendant alleged that he was an habitual criminal. He was arraigned on the charge and entered a plea of not guilty. Later, count eight was amended by the State and different convictions were alleged than those in the original count eight. Through an oversight that no one was aware of until after the verdict on the principal charge had come in, the defendant had never been arraigned on the amended count. The court found that this was purely oversight and thereupon arraigned the defendant on count eight. The defendant did not seek a continuance based upon the allegations of the use of different prior convictions and defense counsel, as a matter of fact, notified the court that they were prepared to go ahead and defend on the allegations of count eight. We found in *Mitchell* that our decision in *Lawrence, supra*, required an arraignment of the defendant on the habitual offender allegation, but found under the circumstances in *Mitchell* that the law was substantially complied with to the extent that defendant Mitchell was not prejudiced thereby. 398 N.E.2d at 1257. The same situation was presented in *Dorton, supra*, and this Court then reaffirmed the procedure set out in *Lawrence*

as the proper one to be followed but held that arraignment just prior to the trial on the habitual offender count was adequate in the absence of a showing of prejudice to the defendant. 419 N.E.2d at 1298.

 We have held that there is no crime of being an habitual offender, *Taylor v. State*, (1981) Ind., 420 N.E.2d 1231, 1235; that the habitual offender status is not a separate felony, *Ferguson v. State*, (1980) Ind., 405 N.E.2d 902, 909; and that the jury is not asked to find the defendant guilty of another charge but merely to find facts which would enhance the defendant's sentence. *Wise v. State*, (1980) Ind., 400 N.E.2d 114, 118. In *Hall v. State*, (1980) Ind., 405 N.E.2d 530, this Court stated: "The habitual offender statute does not establish a new 'offense' or a separate crime, but merely provides for the imposition of a greater sentence for the substantive crime charged. The purpose of the statute is to more severely penalize those persons whom prior sanctions have failed to deter from committing felonies." *Id.* 405 N.E.2d at 536. The State and the trial court apparently misinterpreted this language to mean that the allegation of habitual offender need not be made by way of any formal information requiring arraignment and all that is necessary is a statement that the State intends to seek such a finding, which is what the State did in this cause. The notice of intent to seek habitual offender status was not under oath and did nothing more than make a statement that the State of Indiana intended to submit the habitual offender question to the jury. No facts whatever were contained in the notice so that the defendant would be aware of which convictions the State intended to prove so that he might be in a position to defend himself. Apparently the record contained a number of past convictions, two of which the State intended to prove and did prove at the trial. We again reaffirm our holding in *Lawrence, supra,* and its progeny, that the allegations of habitual criminal must contain all of the procedural matters and safeguards of the original and underlying charges in that they are brought by sworn affidavit contained in an information and endorsed by the prosecuting attorney, setting out the facts sufficient and adequate for the defendant to defend himself and giving the defendant an opportunity to plead to such allegations.

Therefore, the trial court is hereby ordered to set aside the defendant's conviction, to set aside the defendant's status as an habitual criminal, and to dismiss all charges in connection therewith.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.