**Granville Dallas RADFORD, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 184S4.

Supreme Court of Indiana.

Sept. 19, 1984.

Charles A. Beck, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Dealing in a Narcotic Drug, a Class B felony. The jury also found appellant to be an habitual offender. The court sentenced appellant to ten (10) years which was enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are these. A police informant with a concealed microphone approached appellant in an effort to buy heroin. Appellant and the informant first discussed the possibility of buying the drug at less than the going rate. After reaching an agreement, as to the price, the two walked to an automobile which contained a third party who actually possessed the drug. The informant then gave the money to the appellant who in turn gave it to the third party. The third party then gave the informant the drug. The informant tape-recorded the entire transaction.

Appellant first argues a lack of sufficient evidence. The State placed into evidence the direct testimony of the informant and the tape recording. Appellant contends the informant lacked credibility. This is a factor to be weighed by the trier of fact and not this Court. *Napier v. State*, (1983) Ind., 445 N.E.2d 1361. Those factors which would tend to minimize the credibility of the informant were presented to the jury. We will not disturb their judgment.

Appellant contends the record is void of evidence that he knowingly engaged in the delivery of drugs. He maintains the package containing the drugs was passed to the informant from the third party and that he was unaware of what was in the package. Ample evidence was presented to show appellant, in fact, knew what the package contained. The record reveals appellant and the informant had engaged in prior drug transactions. In view of the above evidence, to argue he did not know a drug transaction was occurring is ludicrous. There is sufficient evidence to support the jury finding.

Appellant next argues the trial court erred when it permitted the State to play the audio tape during its final argument. Exhibits which are properly admitted into evidence may be shown to the jury during final arguments. *Jenkins v. State*, (1975) 263 Ind. 589, 335 N.E.2d 215. We have held the showing of a portion of a video tape during final argument was at the discretion of the trial court. *Newland v. State*, (1984) Ind., 459 N.E.2d 384. We find no abuse of discretion by the trial

court in permitting the jury to hear this portion of the evidence a second time.

■ Appellant contends the trial court erred when it permitted the State to amend the information on the felony count on the day of trial. Until this amendment was permitted, the information alleged a drug sale to a "confidential informant." On the day of the trial, the court permitted the State to substitute the actual name of the informant for the phrase. Appellant had sought the name during the customary discovery processes. The State maintained it had provided the name and criminal history of the informant. Appellant maintained this information was never properly provided. As a consequence, the State filed a Supplemental Notice of Compliance with Discovery seven days prior to the trial. This notice contained the name and criminal history of the informant. On the day of trial the State was permitted to amend the information to conform with the known facts.

The State may amend an information at any time in order to correct any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant. *See* I.C. § 35–34–1–5(c) (West 1984 Supp.). The court may at its discretion and upon the motion of the defendant grant a continuance to provide a defendant with adequate opportunity to prepare a defense. I.C. § 35–34–1–5(d) (West 1984 Supp.). In the case at bar appellant did not seek a continuance. We find no prejudice to a substantial right which would flow from providing appellant with a name he himself had sought in the days prior to trial.

We also reject appellant's contention that I.C. § 35–34–1–5(b) controls. The statute provides:

"(b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:

(1) thirty (30) days if the defendant is charged with a felony; or

(2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date. When the information or indictment is amended, it shall be signed by the prosecuting attorney."

In particular, appellant argues the name represents the naming of a new material witness. Without discussing the merits of this contention, we note this provision was added to the code by P.L. 320–1983, § 13, which had an effective date of September 1, 1983. The events in question, in the case at bar, took place around June 1, 1983. Thus this section of the code was not in effect at the time of the trial.

Appellant's next two issues revolve around the efforts of the State to amend the information to allege habitual offender status. Six days prior to trial the State did file an information alleging appellant had two prior unrelated felony convictions. The information specifically named the two felonies which would be used to support the finding. The next day, at a previously scheduled pretrial conference, the court heard objections to the State's attempt to amend. The trial court denied appellant's Motion to Dismiss.

■ Appellant first contends the action of the State in delaying the filing of the additional count was the equivalent of the withholding of discoverable information and constituted prosecutorial misconduct. We do not agree. This Court has permitted the State to tender an amended information alleging habitual offender status on the day the trial commenced. *Barnett v. State*, (1981) Ind., 429 N.E.2d 625. The very nature of the habitual offender charge permits the State to add this allegation at any time up to the moment of trial. When faced with this situation, a defendant has the right to seek a continuance. This continuance must be granted when the defendant can demonstrate prejudice to a substantial right. *See* I.C. § 35–34–1–5(d) (West 1984 Supp.). In the case at bar, appellant was notified six days prior to trial of the

State's intent. He did not seek a continuance. We find no error by the trial court in permitting the State to amend the information.

Appellant contends the trial court erred when it permitted the State to amend the information by adding the habitual offender charge without first issuing an order permitting the amending. In addition he alleges the court erred when it permitted evidence to be heard on the charge without first providing appellant with an arraignment on the charge. He cites for support *Sears v. State*, (1983) Ind., 456 N.E.2d 390 and *Griffin v. State*, (1982) Ind., 439 N.E.2d 160. This Court stated in *Griffin:*

> "[T]hat the allegations of habitual criminal must contain all of the procedural matters and safeguards of the original and underlying charges in that they are brought by sworn affidavit contained in an information and endorsed by the prosecuting attorney, setting out the facts sufficient and adequate for the defendant to defend himself and giving the defendant an opportunity to plead to such allegations." *Id.* at 165.

This language was cited in *Sears*. In addition in *Sears* we indicated it would be error for a court to proceed on a separate habitual offender charge without first providing an opportunity for the defendant to be arraigned on the charge.

■ In reviewing the record of the pretrial hearing and the record of the trial, we reach the conclusion that appellant was not improperly prosecuted on the habitual offender charge. In denying the Motion to Dismiss, the court gave the State permission to proceed on the amended charge. The amended information fully complied with the standards as outlined in *Griffin*. Thus we find the trial court committed no error.

■ As to the question of failure to arraign, we can find nothing in the record to show a separate formal arraignment on the habitual offender charge. However, we believe appellant has waived arraignment by failing to object at the time the issue was litigated. *See Daniels v. State*, (1983) Ind., 453 N.E.2d 160 and *Blanton v. State*, (1953) 233 Ind. 51, 115 N.E.2d 122. The record does not reveal any occasion in which appellant objected to proceeding on this cause of action without arraignment. We hold the trial court did not err in proceeding to trial on the habitual offender charge.

■ Appellant argues the trial court erred when it denied his Motion for a New Trial based upon newly discovered evidence. Appellant's newly discovered evidence consisted of two parts. First, was a statement by a third party, who did not testify at trial, to the effect that the informant lied when he testified against appellant. The informant testified that he had not taken any drugs since March of 1983. This third party was willing to testify that the informant had taken drugs in July of 1983. Secondly, appellant offered the fact that the informant's direct testimony in a second and similar trial had not produced a guilty verdict.

Recently this court reaffirmed its standards of the appellate review of trial court decisions of whether to grant a new trial pursuant to Ind.R.Tr.P. 59(A)(6). *See Augustine v. State*, (1984) Ind., 461 N.E.2d 101. Appellant has not shown that the new evidence would produce a different result. At most the evidence would be impeaching only. We believe the trial court did not abuse its discretion in denying appellant's Motion for a New Trial.

Appellant contends he was denied the effective assistance of counsel. He maintains counsel failed to file a notice of alibi after being requested to do so. Counsel failed to meet personally with the appellant prior to trial. Due to the failure to meet, appellant was not able to impart crucial information to counsel. Counsel failed to adequately impeach the informant concerning prior meetings between the informant and appellant. Counsel failed to provide appellant with a copy of the information prior to trial. Counsel failed to object to the appointment of a special judge. Finally, appellant was not informed or consulted

on the question of seeking a separate trial from the co-defendant. At hearing on the Motion to Correct Errors counsel appeared. He either refuted or explained the trial tactics and strategy involved in each instance.

In *Elliott v. State*, (1984) Ind., 465 N.E.2d 707, this Court discussed at length our standards of review of these questions in light of the recent United States Supreme Court decision in *Strickland v. Washington*, (1984) — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674. We reaffirmed our past decisions under the old standards and adopted the *Strickland* guidelines for future cases. The *Strickland* analysis begins from the perspective of a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. The Court then outlined a two-part standard of review.

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 2064, 80 L.Ed.2d at 693.

In applying these standards to the case at bar, we find appellant was not denied effective counsel. Counsel indicated he spoke regularly with appellant over the telephone prior to trial. Counsel did not file a Notice of Intent to Present an Alibi as appellant did not inform counsel until the day of trial of the possible existence of an alibi. Counsel stated he went over all pertinent documents with the appellant although he did not leave actual copies of the documents with appellant. Counsel indicated the decision not to object to the appointment of a special judge was a strategy decision as was the decision to seek separate trials for the co-defendants. This record does not demonstrate appellant was denied a fair trial.

Appellant argues the trial court erred in its sentencing order. The court stated:

"It is therefore ordered, adjudged, and decreed that the defendant Grandville [sic] Dallas Radford age 32 years be sentenced to 10 years to count I and 30 years to count II, habitual criminal for the offense of count I, dealing in a narcotic drug Class B Felony as charged—habitual criminal."

Appellant maintains the court sentenced him separately for being an habitual offender rather than enhancing the sentence on the underlying felony based upon a finding of the existence of habitual offender status. The language of the order is somewhat confusing. However, we will indulge in a presumption that the trial judge intended to enhance the sentence on Count I by thirty (30) years due to appellant's status as an habitual offender.

The trial court is in all things affirmed.

All Justices concur.