Jeffery W. NORTHERN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 385S105.

Supreme Court of Indiana.

March 7, 1986.

Richard L. Kehoe, Jr., Kehoe & Burke, Rochester, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Jeffery W. Northern was convicted of Burglary, a class C felony, by a jury in the Fulton County Circuit Court. He was further found to be an habitual offender. Appellant received a five year sentence for the Burglary conviction which was enhanced by thirty (30) years because he was found to be an habitual offender. Appellant now directly appeals and raises the following two issues:

1. whether the trial court erred by failing to arraign Defendant on the Habitual Offender charge when the Information for Determination of Habitual Offender Status was filed subsequent to the original Information; and

2. whether the trial court erred by admitting Exhibits A1 and A2 in the habitual offender proceedings.

I

On March 15, 1984, the State filed its Information charging Appellant with Burglary, a class C felony. Appellant appeared before the trial court for his initial hearing that same day and was advised of the nature of the charge contained in the Information. The trial court, after determining Defendant was indigent, appointed counsel to represent him. Defendant was

then advised that he had the right to a jury trial, the right to confront State's witnesses, the right to be served with charges made against him, the right to be free from double jeopardy, the right not to be required to testify against himself, and the right to an appeal. The trial court also explained to Defendant the consequences of a plea of guilty. After reading the Information to Appellant, the trial court informed him of the definition of the offense with which he had been charged and explained the penalty for class C felonies. The judge further explained sentencing to Defendant and Defendant demonstrated his understanding of all that the trial court had stated.

On June 22, 1984, the State filed its Information for Determination of Habitual Offender Status which information set out the two prior felonies the State intended to use in proving Defendant to be an habitual offender. On June 25, 1984, the State filed its Certificate of Service which certified that the State's Information for Determination of Habitual Offender Status had been filed and that a true and accurate copy had been served upon Defendant's trial counsel by mail on June 22, 1984. The trial, originally set for August 7, 1984, commenced August 21, 1984, after two continuances.

 Appellant first argues that it was fundamental error for the trial court not to fully arraign him on the habitual offender charge. He cites for support *Sears v. State* (1983), Ind., 456 N.E.2d 390 and *Griffin v. State* (1982), Ind., 439 N.E.2d 160. We stated in *Griffin:*

"[T]hat the allegations of habitual criminal must contain all of the procedural matters and safeguards of the original and underlying charges in that they are brought by sworn affidavit contained in an information and endorsed by the prosecuting attorney, setting out the facts sufficient and adequate for the defendant to defend himself and giving the defendant an opportunity to plead to such allegations." *Id.* at 165.

We cited this language in *Sears* wherein we held it would be error for a court to proceed on a separate habitual offender charge without first providing an opportunity for Defendant to be arraigned on the charge. Nothing in the record in the immediate case indicates Appellant received a separate formal arraignment on the habitual offender charge. However, we held in *Radford v. State* (1984), Ind., 468 N.E.2d 219, 223 that when Appellant proceeds to trial and fails to object to the fact that he has not been formally arraigned on a separate habitual offender charge, he waives the right to arraignment. Appellant here concedes his failure to object at trial and therefore has waived this issue. Appellant has also argued that the error he alleges is fundamental error, such that it cannot be waived. Fundamental error is error that, if not rectified, would deny a defendant fundamental due process. Only when the record reveals clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied, will this Court review an issue not properly raised and preserved. *Bedwell v. State* (1985), Ind., 481 N.E.2d 1090, 1092. Appellant does not allege nor does he show that he did not receive notice of the habitual offender charge. The Information for Determination of Habitual Offender Status was served on Appellant's counsel and notified Appellant of the two prior crimes which were to be used to prove habitual offender status. Also, two continuances were granted from the date the Information was filed, allowing Appellant two extra weeks to prepare for the new charge. Appellant was not denied fundamental due process; he therefore waived his right to arraignment by not objecting at trial. Accordingly, the trial court did not err in proceeding to trial on the habitual offender charge.

II

During the habitual offender proceedings the State offered into evidence State's Exhibits A1 and A2 which were certified copies of records of the Marion Superior Court and the LaPorte Circuit Court. Defendant made two objections to the admission of

the State's exhibits. The first objection was that the exhibits were not properly certified, which is not an issue raised on appeal. The second objection, which is at issue on appeal, was made out of the presence of the jury and is not contained in the record of proceedings. Prior to ruling on Defendant's first objection a bench conference was held so that the court would be able to hear Defendant's second objection outside the presence of the jury. What transpired during the bench conference was not made a part of the record. The trial court admitted Exhibits A1 and A2 over Defendant's objections. Now Defendant argues that Exhibits A1 and A2, inasmuch as these records of prior convictions included presentence materials, were unduly prejudicial and confusing to the jury. The records contained family history, reference to juvenile court files, and an explanation of underage drinking habits.

Appellant has also waived this issue. He has failed to provide any authority in support of his argument, thereby providing the first reason to find waiver. Ind. R.App.P. 8.3(A)(7), *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 904, *reh. denied*. Additionally, it is well settled that it is the duty of a defendant to present a complete record to this Court and that errors not disclosed by the record are not available for review. *Hedges v. State* (1982), Ind., 443 N.E.2d 62, 65. Appellant, to have preserved this issue for review, needed merely to comply with Ind.R.Tr.P. 59(H) and attach a verified affidavit to his Motion to Correct Errors containing a statement of what transpired at the bench conference. His failure to have done so is the second reason we find this issue waived. Nonetheless, it is apparent from the record that the certified reports were of such overwhelming proof that Appellant had been convicted of two prior felonies that we find the presentence reports were not of such prejudicial value as to merit reversal. Appellant, therefore, has failed to demonstrate any error.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result with opinion.