## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 06 2016, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John L. Tompkins
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis Talboom, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 6, 2016 <br><br> Court of Appeals Cause No. <br> 71A03-1510-CR-1544 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable Paul E. Singleton, <br> Magistrate <br><br> Trial Court Cause No. <br> 71D01-1211-CM-6212 |

**Barnes, Judge.**

# Case Summary

[1] Dennis Talboom appeals his conviction for Class A misdemeanor operating a vehicle while intoxicated. We affirm.

# Issue

[2] The restated issue is whether Talboom's trial counsel was ineffective for:

I.     filing a deficient motion to dismiss; and/or

II.    for failing to object to the admissibility of certain evidence.

# Facts

[3] On November 9, 2012, at approximately 8:00 p.m., Saint Joseph County Police Officer Jason Koski responded to a report of a pickup truck stuck in a ditch. Officer Koski observed the truck, whose front end was in a ditch, and discovered Talboom in the driver's seat. Talboom was the only person in the truck. While speaking with Talboom, Officer Koski noticed the odor of alcohol on his breath and observed that he had bloodshot and glassy eyes. Talboom testified he had consumed "about three or four" twelve-ounce cans of beer between approximately 4:30 p.m. and 8:00 or 8:30 p.m. Tr. p. 26.

[4] At Officer Koski's request, Talboom got out of the truck and performed several field sobriety tests. Talboom failed those tests. He then consented to a portable breath test, and Officer Koski transported him to the St. Joseph County Jail so he could administer a breath test on a DataMaster. Officer Koski is a certified breath test operator, and the result of that breath test indicated Talboom's blood alcohol content was 0.22.

[5] On December 4, 2012, the State charged Talboom with (1) operating a motor vehicle while intoxicated and (2) operating a motor vehicle with a blood alcohol concentration of .15 or more, both Class A misdemeanors. At some point, it seems Talboom filed a motion for discovery,[1] to which the State responded on December 6, 2013. The State responded that it had "complie[d] therewith by providing additional discovery . . . marked as CD-R labeled as 201200031960." App. p. 21. More than a year later, on March 18, 2015, the trial court ordered the State to "to provide MVR tape." App. p. 3. On July 9, 2015, Talboom filed a motion to dismiss.[2]

[6] On July 30, 2015, Talboom was tried in a bench trial. Talboom testified that Officer Holcomb, who did not testify, and not Officer Koski, administered the breath test at the St. Joseph County Jail. He further testified that, prior to administering the test, Officer Holcomb:

[7]
> disassemble[d] the BAC machine. He took the complete lid and box off the machine. He stuck his fingers underneath the back of this machine and was moving things in the machine, and then he attempted to put the lid back on and had a lot of trouble with that, and the whole process took 15 to 20 minutes.

---

[1] The motion is not included in the Appendix and it was not entered in the Chronological Case Summary.

[2] We note that the copy of the motion to dismiss included in the Appendix is not file stamped. It appears that motion also was not entered in the Chronological Case Summary. However, both parties refer to that motion and do not dispute that it was filed. The parties agree it was filed on July 9, 2015. *See* Appellant's Br. pp. 2, 3; *see also* Appellee's Br. p. 11.

Tr. pp. 31-32. The trial court found Talboom guilty of both charges. On September 1, 2015, the trial court vacated Talboom's conviction for Count II and sentenced him to seventeen days of incarceration with fifteen days suspended. It also suspended his driver's license for ninety days. Talboom now appeals his conviction.

## Analysis[3]

[8] Talboom contends his trial counsel was ineffective for two reasons: (1) trial counsel filed a motion to dismiss that was untimely and incomplete, and the shortcomings of that motion deprived him of exculpatory evidence; and (2) trial counsel failed to object to the DataMaster evidence regarding his blood alcohol content on the grounds that the State did not lay the proper foundation for admitting that evidence.

[9] We first note that Talboom raises his ineffective assistance of trial counsel claim on direct appeal.[4] "Post-conviction proceedings are usually the preferred forum for adjudicating claims of ineffective assistance because presenting such claims often requires the development of new facts not present in the trial record." *Peak v. State*, 26 N.E.3d 1010, 1014 (Ind. Ct. App. 2015). "When a defendant

---

[3] We note that Talboom's Appendix includes the transcript in this matter. *See* App. pp. 58-112. We remind counsel that, pursuant to Indiana Rule of Appellate Procedure 49(F), "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

[4] Talboom did not invoke the *Davis/Hatton* procedure in this appeal. In that procedure, an appellant terminates or suspends his or her direct appeal in order to pursue a petition for post-conviction relief in the trial court. *White v. State*, 25 N.E.3d 107, 121 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*.

presents a claim of ineffective assistance of trial counsel on direct appeal, the issue is foreclosed from collateral review." *Id.*

[10] In order to prevail on an ineffective assistance of counsel claim, one must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), by establishing: (1) counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Jervis v. State*, 28 N.E.3d 361, 365 (Ind. Ct. App. 2015), *trans. denied*. "The two prongs of the *Strickland* test are separate and independent inquiries. Thus, "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" *Williams v. State*, 706 N.E.2d 149, 154 (Ind. 1999) (quoting *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2052) (alterations in original), *cert. denied*.

[11] "Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone." *Perryman v. State*, 13 N.E.3d 923, 931 (Ind. Ct. App. 2014) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)), *trans. denied*. A defendant establishes prejudice if he or she shows there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Pruitt v. State*, 903 N.E.2d 899, 906 (Ind. 2009). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010) (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2052). There is a "strong

presumption" that counsel's assistance was adequate and he or she "made all significant decisions in the exercise of reasonable professional judgment." *Pruitt*, 903 N.E.2d at 922. "'[I]solated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel.'" *Clark v. State*, 668 N.E.2d 1206, 1211 (Ind. 1996) (citation omitted), *cert. denied*.

[12] Talboom contends we should undertake separate analyses of his claims under the United States and Indiana Constitutions. He argues Article 1, Section 13 of the Indiana Constitution "has a long history of affording criminal defendants broader protections [than the United States Constitution]" and urges us to "return to the broader protections of the right to effective counsel citizens of this State enjoyed before *Strickland*, and find that Talboom received ineffective assistance of counsel under a separate, broader Indiana Art. 1, §13, standard." Appellant's Br. p. 12. Specifically, Talboom asks us to employ a one-part test for ineffective assistance of counsel and apply only the first prong of the *Strickland* test: whether counsel's performance was deficient. If he is able to establish that prong, Talboom urges us to "conclude that prejudice resulted automatically and relief is warranted." Appellant's Br. p. 14.

[13] In *Strickland*, the Supreme Court "first outlined the general guiding premise for appellate review of effectiveness of counsel." *Elliott v. State*, 465 N.E.2d 707, 710 (Ind. 1984). In *Elliott v. State*, which appears to be our supreme court's first application of *Strickland*, the court discussed our standards of review of ineffective assistance of counsel claims in light of *Strickland*. *Radford v. State*, 468 N.E.2d 219, 224 (Ind. 1984). *Elliott* "reaffirmed our past decisions under

the old standards and adopted the *Strickland* guidelines for future cases."
*Radford*, 468 N.E.2d at 224; *see also King v. State*, 467 N.E.2d 726, 729 (Ind.
1984). Since *Strickland*, Indiana courts have required defendants to fulfill both
prongs of the test in order to establish ineffective assistance of counsel. "[W]e
are bound to follow the precedent of our supreme court." *Minor v. State*, 36
N.E.3d 1065, 1073 (Ind. Ct. App. 2015) (quotation omitted) (citation omitted),
*trans. denied*. We, therefore, decline Talboom's invitation to deviate from the
*Strickland* analysis.

## I. *Motion to Dismiss*

[14] Talboom first argues his trial counsel was ineffective because the motion to
dismiss he filed on Talboom's behalf did not comply with Indiana Code Section
35-34-1-4[5] or Indiana Rule of Criminal Procedure 3, which provides that a

---

[5] (a) The court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds:

(1) The indictment or information, or any count thereof, is defective under section 6 of this chapter.

(2) Misjoinder of offenses or parties defendant, or duplicity of allegation in counts.

(3) The grand jury proceeding was defective.

(4) The indictment or information does not state the offense with sufficient certainty.

(5) The facts stated do not constitute an offense.

(6) The defendant has immunity with respect to the offense charged.

(7) The prosecution is barred by reason of a previous prosecution.

(8) The prosecution is untimely brought.

(9) The defendant has been denied the right to a speedy trial.

(10) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

(11) Any other ground that is a basis for dismissal as a matter of law.

(b) Except as otherwise provided, a motion under this section shall be made no later than:

defendant who files a motion to dismiss shall file a memorandum specifying the grounds for dismissal.  The entirety of Talboom's motion to dismiss "moves this Honorable Court to dismiss the above cause based on the loss [sic] or destroyed evidence on the ground that the loss [sic] or destroyed evidence was exculpatory and deprived the Defendant of due process of law contrary to the provisions of the Fourteenth Amendment of the United States Constitution." App. p. 28.  On appeal, Talboom alleges:

> Talboom's trial counsel filed a Motion to Dismiss on July 9, 2015, alleging the loss or destruction of exculpatory evidence. This motion was filed almost two and one-half (2 ½) years after Talboom was charged, after five (5) previous trial settings had come and gone, more than one hundred (100) days after the State had been ordered "to provide MVR tape," and twenty-one (21) days before Talboom's trial.  The Motion to Dismiss did not specify what evidence had been lost or destroyed, the Motion did not allege who lost or destroyed the evidence, the Motion did not explain how the evidence was exculpatory, or which Count or

(1) twenty (20) days if the defendant is charged with a felony; or

(2) ten (10) days if the defendant is charged only with one (1) or more misdemeanors;

prior to the omnibus date. A motion made thereafter may be summarily denied if based upon a ground specified in subdivision (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5) of this section. A motion to dismiss based upon a ground specified in subdivision (a)(6), (a)(7), (a)(8), (a)(9), (a)(10), or (a)(11) of this section may be made or renewed at any time before or during trial. A motion to dismiss based upon lack of jurisdiction over the subject matter may be made at any time.

(c) Upon the motion to dismiss, a defendant who is in a position adequately to raise more than one (1) ground in support thereof shall raise every ground upon which he intends to challenge the indictment or information. A subsequent motion based upon a ground not properly raised may be summarily denied. However, the court, in the interest of justice and for good cause shown, may entertain and dispose of such a motion on the merits.

Counts it exculpated Talboom on. Further, Talboom's Motion was unsupported by the mandatory memorandum.

Appellant's Br. p. 8 (citations omitted). In addition, Talboom argues that his trial counsel's faulty motion to dismiss "deprived him of video evidence that would have corroborated his exculpatory testimony about the facts of what happened at the St. Joseph County Jail on the night of his BAC DataMaster test and arrest. In addition, the video would have been an effective means of impeaching Koski's credibility." *Id.* at 4.

[15] We again note that Talboom raises his claims of ineffective assistance of counsel on direct appeal and did not pursue either a petition for post-conviction relief or a *Davis/Hatton* petition prior to raising these issues. As such, our review is limited to the trial record. The record is murky, at best, with regard to the evidence Talboom contends is exculpatory, missing, and the subject of the motion to dismiss. Talboom seems to acknowledge the record's deficiencies, as quoted above. He further states it is unclear whether the "MVR tape" the trial court ordered the State to produce on March 18, 2015 is the same as "CD-R labeled as 201200031960" the State confirmed on December 6, 2013 that it had previously provided to Talboom. App. pp. 3, 21; *see* Appellant's Br. p. 8.

[16] Nonetheless, Talboom argues on appeal that he was prejudiced by his trial counsel's "non-specific Motion to Dismiss" in two ways:

[17] First, Talboom never had the opportunity to establish a record in the Trial Court, this right is guaranteed by IC 35-34-1-4(d)'s mandate for a ruling upon the filing of any motion to dismiss.

> Second, the absence of a Trial Court record on his Motion to Dismiss deprives Talboom of the ability to present specific issues for this Court to review, a clear infringement of his right to a direct appeal as opposed to some other post-conviction proceeding.

Appellant's Br. p. 9.

[18] Our review of the record reveals the same deficiencies in the trial record as those to which Talboom points in the motion to dismiss. Nothing in the record affirmatively identifies the evidence Talboom's motion to dismiss claimed was lost or destroyed. The evidence to which the motion to dismiss refers might have been the MVR tape the trial court referenced in its March 18, 2015 order; but it might not. As Talboom notes in his Appellant's Brief, the missing evidence might or might not have been the "CD-R labeled as 201200031960" to which the State referred in its December 6, 2013 response to Talboom's request for discovery. *See* Appellant's Br. p. 8. Assuming, arguendo, evidence was lost or destroyed, the record does not substantiate Talboom's assertion that it would have corroborated Talbooms's testimony that Officer Holcomb, not Officer Koski, administered the breath test and that he did so only after disassembling and reassembling the DataMaster. Without more, we must conclude Talboom has not shown there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *See Pruitt*, 903 N.E.2d at 906. Thus, Talboom has not established he suffered prejudice as a result of trial counsel's alleged errors.

## II. Failure to Object to Evidence

[19] Talboom next contends his trial counsel was ineffective because he did not object to what Talboom argues was the State's failure to lay a foundation for the results of the DataMaster breath test and because he did not move to strike that evidence or request a judgment on the evidence. Specifically, he contends the State did not establish that the DataMaster test was administered within three hours of when Talboom last operated his vehicle. He further contends trial counsel "compounded his errors on this issue by calling Talboom as the only Defense witness and during the direct examination of his client establishing the first prong of the foundation required to admit Talboom's BAC result." Appellant's Br. p. 11. The resulting prejudice, he argues, "is that first Talboom was convicted on the per se count based entirely on inadmissible evidence. Second, since the State relied in part on the BAC result as proof of the intoxication count, Talboom also suffered prejudice on both convictions." *Id.*

[20] We first note that, contrary to Talboom's assertion he was convicted for a "per se count," (operating a motor vehicle with a blood alcohol concentration of .15 or more), the trial court did not enter a judgment of conviction on Count II. *See* App. p. 4. Thus, we do not address Talboom's argument related to that charge and limit our discussion to his assertion that he was prejudiced because his conviction for operating a motor vehicle while intoxicated was based, in part, on what he contends was inadmissible evidence.

[21] Indiana Code Section 9-30-5-2 provides that a person commits Class A misdemeanor operating a vehicle while intoxicated if he or she does so in a manner that endangers a person. Intoxication is defined as being under the influence of, among other substances, alcohol, "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind. Code Sec. 9-13-2-86. The State may prove impairment by evidence of "(1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech." *Staley v. State*, 895 N.E.2d 1245, 1251 (Ind. Ct. App. 2008), *trans. denied*. Finally, "the endangerment clause does not require that the State prove a person other than the defendant was actually in the path of the defendant's vehicle . . . in order to obtain a conviction." *Id.*

[22] Here, Talboom himself admitted he consumed alcohol. Officer Koski testified Talboom exhibited glassy, bloodshot eyes and smelled of alcohol. Talboom also failed three field sobriety tests. Finally, it is undisputed that Talboom was involved in a traffic accident shortly after he consumed the alcohol. We conclude that this evidence was overwhelmingly sufficient to support Talboom's conviction for Class A misdemeanor operating a vehicle while intoxicated. Even if the DataMaster evidence should not have been admitted, we conclude Talboom has not undermined our confidence in the outcome of his trial. He has, therefore, not established he suffered prejudice as a result of counsel's alleged unprofessional errors. *See Pruitt*, 903 N.E.2d at 906.

# Conclusion

[23] Talboom has not demonstrated his trial counsel's alleged errors resulted in prejudice. He has, therefore, failed to establish that he received ineffective assistance of trial counsel. We affirm.

[24] Affirmed.

Robb, J., and Altice, J., concur.