## DECK *v.* THE STATE.

CRIMINAL LAW.—*Venue.*—*Liquor Law.*—In a prosecution for selling intoxicating liquor to a person in the habit of getting intoxicated, the only evidence as to the place of the sale was that it was "at Noblesville;"
*Held*, that the evidence as to venue was insufficient.

From the Hamilton Circuit Court.
*W. Garver* and *J. S. Losey*, for appellant.

*J. C. Denny*, Attorney General, for the State.

WORDEN, C. J.—This was a prosecution by the State against the appellant for selling liquor to a person in the habit of becoming intoxicated. Trial, conviction, and judgment, over a motion for a new trial on the ground that the verdict was not sustained by the evidence.

On the trial, William Casey, the person to whom the liquor was alleged to have been sold, testified as follows:

" I purchased one pint of whiskey of the defendant, and at Noblesville, on the 30th day of last June, paid him one-half dollar for it. I have been in the habit of getting intoxicated."

This was all the evidence proving or tending to prove that the liquor was sold in Hamilton county. What Noblesville, or whether the Noblesville alluded to was in Hamilton county, or State of Indiana, does not appear. The evidence as to venue was entirely insufficient, and the motion for a new trial should have prevailed.

The judgment below is reversed, and the cause remanded for a new trial.