## STRICKLAND *v.* STATE OF INDIANA.

[No. 27,392. Filed November 25, 1940.]

*Robert J. Hyatt, Ray S. Donaldson, Fred Dobbyn* and *Adeline C. Lehman,* all of Washington, for appellant.

*Omer Stokes Jackson,* Attorney General, and *Rexell A. Boyd,* Deputy Attorney General, for the State.

SWAIM, C. J.—The appellant was prosecuted in Daviess County, in the State of Indiana, on an amended affidavit which charged "that at and in the county of Daviess, State of Indiana, on or about the 6th day of April, 1939, Leonard D. Strickland (the appellant) did then and there unlawfully, feloniously, falsely, fraudu-

lently and knowingly, forge, counterfeit, make, cause to be falsely made, utter, publish, pass, assign, indorse and deliver, to the Bicknell Finance Company, Inc., as true and genuine a certain false, forged, counterfeit conditional sales contract and note, for the payment of money to-wit:—$440.00." The affidavit further charged that the conditional sale contract and note purported to have been made by one Hugo Albrecht in favor of the appellant, who assigned and delivered the same to said Bicknell Finance Company, Inc., which company paid to the appellant for said assigned conditional sale contract and note the sum of $437.90; that the appellant did all of this with the intent to thereby feloniously, falsely and fraudulently defraud the said Bicknell Finance Company, Inc., and that the said appellant knew the said conditional sale contract and note to be false, forged, and counterfeit. A copy of said conditional sale contract and of said note were attached to and made a part of the affidavit. To this amended affidavit the defendant entered a plea of not guilty. On the trial the jury returned a verdict finding the defendant "guilty of uttering the conditional sales contract and note, as charged in the affidavit and that his age is 43 years." On this verdict the court entered a judgment that the defendant was guilty of uttering the sale contract and note, as charged in the affidavit and found by the jury, and sentenced him to the Indiana State prison for a period of two to fourteen years.

The appellant relies for reversal on three alleged errors, (1) that the court erred in overruling the appellant's motion for a new trial, (2) that the court erred in overruling the appellant's motion in arrest of judgment, and (3) that the court did not have jurisdiction of the subject-matter of the action.

Under his motion in arrest of judgment the appellant attacks the amended affidavit, contending that charging in one count the offense of forgery and also the offense of uttering a forged instrument, as these defenses are defined by §10-2102, Burns' 1933, §2746, Baldwin's 1934, makes the amended affidavit bad for duplicity. With this contention we cannot agree. Said statute provides that "Whoever falsely makes, or assists in making, . . . forges, . . . or causes to be falsely made, . . . forged, counterfeited, . . . any record or authentic matter of a public nature, . . . bank bill or note, . . . promissory note for the payment of money or other property, . . . or any other instrument in writing with intent to defraud any person, body politic or corporate, or utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered, forged, counterfeited, falsely printed or photographed, with intent to defraud any person, body politic or corporate, shall, on conviction, be imprisoned in the state prison not less than two years nor more than fourteen years, and fined not less than $10.00 nor more than $1,000.00."

It is true that the pleading of separate and distinct offenses, created by separate and distinct acts of the statute, or by separate statutes, is forbidden, but where, as here, a criminal statute enumerates several acts disjunctively, and provides the same punishment for doing any one or all of said acts, then two or more of said acts may be charged conjunctively in a single count without objection for duplicity. *The State* v. *Fidler* (1897), 148 Ind. 221, 222, 47 N. E. 464. See also *Glaser* v. *State* (1932), 204 Ind. 59, 62, 183 N. E. 33; *State* v. *Schipper* (1923), 193 Ind. 595, 598, 141 N. E. 330; *Shelby* v. *State* (1904), 161 Ind. 667, 672,

69 N. E. 463. The amended affidavit in this case charged conjunctively the acts of forging and of uttering and is not objectionable for duplicity.

The most serious problem presented in this appeal concerns the venue of the particular offense of which the jury found the appellant guilty. It will be noted that the affidavit charged that the acts of the appellant were committed "at and in the county of Daviess in the State of Indiana." Our statute on this subject provides that "Every criminal action shall be tried publicly in the county in which the offense shall have been committed, except as otherwise provided in this act." Acts of 1905, ch. 169, § 2, p. 584; § 9-201, Burns' 1933, § 2010, Baldwin's 1934.

The evidence does not clearly disclose where the instruments were forged, but there is no contradiction in the evidence as to where the forged instruments were uttered. The only testimony on this subject was by the appellant and Wayne Donaldson, Secretary-treasurer of the Bicknell Finance Company, Inc., both of whom testified that the appellant personally delivered the forged note and contract to, and received the money therefor from, the Bicknell Finance Company, Inc., at its place of business in Knox County, Indiana. The State insists that under our statutes the act of forging and uttering a forged instrument constitutes but one crime and that since the appellant's place of business was in Daviess County and his general business was conducted there, the instruments were probably forged there and this action was properly tried in that county, even though the forged instruments were uttered in Knox County. With this contention we cannot agree. If the two acts of forging and uttering were committed by the same person, at the same time, and constituted but one transaction, the

combination of the acts under our statute would constitute but one crime, would subject the perpetrator to but one penalty, and would probably be triable in the county where either of the acts was committed. In the instant case, however, the appellant was found guilty of only one act, the act of uttering the forged instruments, and the evidence is clear that this one offense was committed in Knox County. There is no finding as to who forged the instruments or as to where or when they were forged. This court has recognized a distinction between forgery and uttering a forged instrument even though both are defined by the same section of the statute and the same penalty is provided for both. In *Beyerline* v. *The State* (1897), 147 Ind. 125, 128, 45 N. E. 772, this court said:

"Forgery, and the uttering of a forged instrument are two distinct crimes; and the charge in the information referred to in the plea of former acquittal is unquestionably one of uttering a forged instrument, and it is of that charge, and not of forgery, that the appellant was acquitted. Neither is it correct to say that the proof to sustain one charge is the same as would be required to support the other."

In *Akers* v. *State* (1930), 201 Ind. 590, 170 N. E. 613, this court in discussing our present statute also said "Forgery and uttering or passing a forged instrument are separate and distinct crimes, defined by the same section of the statute, and may be joined in one indictment in separate counts."

Counsel for the State cite *State* v. *Klugherz* (1904), 91 Minn. 406, 98 N. W. 99, on the proposition that the distinction between forgery and uttering a forged instrument has been abolished. In that case the court held that the making of a forged written instrument

and the uttering of it by the same person at the same time, as one transaction, constituted but one offense, but the court also recognized that the forgery and the uttering of the forged instrument were separate offenses "where each act is committed by a different person, or by the same person but at different times and as separate acts."

Section 10-2102, Burns' 1933, § 2746, Baldwin's 1934, does not expressly name the crime of which one is guilty who does any of the acts therein enumerated. It does clearly provide, however, that a person may be convicted of, and punished for, doing any one of the things mentioned in said statute. The commission of any one of said offenses separately, therefore, constitutes a complete crime and the perpetrator thereof must be tried in such case in the county where that one offense was committed. Counsel for the State earnestly contend that the forgery of these instruments occurred in Daviess County, that their forgery and uttering was but one continuous transaction, and constituted but one crime which could be tried in Daviess County. The fatal defect in this contention is that the defendant was found guilty only of the single offense of uttering the forged instruments which, according to the undisputed evidence, occurred in Knox County.

What is the effect of the appellant having been tried in the Daviess Circuit Court for an offense which was not committed in that county? The appellant presented this question under his motion for a new trial on the grounds that the verdict of the jury was contrary to law and was not supported by sufficient evidence. The failure of the evidence to show that the uttering of the forged instruments occurred in Daviess County makes it necessary to reverse the judgment. The failure to prove the venue in a criminal

case was discussed by this court in *State* v. *Jackson* (1918), 187 Ind. 694, 699, 121 N. E. 114, in which case the court said:

> "By the word 'venue' we mean the county in which the criminal acts are alleged to have occurred. Originally venue indicated the county or political subdivision of territory from which the jury was called; however, it has always been the law requiring the government or state, as the case might be, to prove the venue in order to show jurisdiction of the court to try and determine the issue."

In *Harlan* v. *The State* (1892), 134 Ind. 339, 341, 33 N. E. 1102, the judgment was reversed for failure to prove the venue, the court saying:

> "The next alleged error discussed is, that the verdict is not supported by the evidence, for the reason that there is no proof of the venue.
>
> "This objection we find to be well taken. It is necessary, to support a conviction in a criminal case, that there be proof of the venue. It may not be necessary to prove the venue by direct questions and answers showing in what county and State the felony was committed, but there must be some evidence tending to support such fact, and from which the fact may be found."

See also *Fritz* v. *State* (1924), 194 Ind. 242, 244, 141 N. E. 244; *Deck* v. *State* (1874), 47 Ind. 245, 246; *Mullinix* v. *The State* (1873), 43 Ind. 511; *Baker* v. *The State* (1870), 34 Ind. 104.

Since the judgment must be reversed for failure to prove venue it is unnecessary to discuss the other questions raised by appellant.

The judgment is reversed, with instructions that appellant's motion for a new trial be granted, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 29 N. E. (2d) 950.