Daniel K. SEARS, Appellant,

v.

STATE of Indiana, Appellee.

No. 982S372.

Supreme Court of Indiana.

Nov. 29, 1983.

Ralph Ogden, M. Anne Wilcox, Wilcox, Ogden & Dumond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Daniel K. Sears was convicted of Criminal Deviate Conduct, Ind. Code § 35–42–4–2 (Burns Repl.1979), at the

conclusion of a jury trial in Lawrence Circuit Court on April 23, 1982. Sears was also found to be a habitual offender. The trial court sentenced the defendant to seventy-five (75) years imprisonment. Sears now appeals.

Defendant Sears raises four issues for our review. As we find there was reversible error, it is necessary to treat only that issue requiring reversal.

The record of the proceedings reveals that on July 27, 1981, A.B. went into a tavern in Oolitic, Indiana. A.B. saw the defendant and Robert Harbison and, thinking he knew the men, A.B. joined them at the bar. The three decided to go swimming at a nearby quarry but were turned away by the guard at the entrance. Leaving the quarry, they drove around in a car, stopping occasionally for liquor and soft drinks. Finally, Harbison, who was at the wheel, pulled off on a side road and stopped the car. Harbison and the defendant got out, walked around to the back of the car, and held a discussion. When they returned to the front of the car, both men held knives. The defendant got in the back of the car with A.B., pointed the knife at A.B.'s groin, and threatened to "cut it off." The defendant then forced A.B. to perform fellatio. Harbison also forced A.B. to perform the same act. All three drove back to Oolitic where A.B. was dropped off and he notified the police of the incident. At trial, the evidence showed that although most of the activities of the three men took place in Lawrence County, the crime occurred just inside the Martin County line.

■ The reversible issue concerns the venue of the trial. The defendant contends that venue was improper because the charges were brought and tried in Lawrence County, not Martin County. Defendant argues for reversal because both sides stipulated that the criminal deviate conduct occurred in Martin County, three-tenths (³/₁₀) of a mile past the Lawrence County line. The State argues that the acts of the defendant and his accomplice constituted a "single chain of events" and the basis for venue in Lawrence County was sufficient.

Article 1, § 13 of the Indiana Constitution provides that:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed. . . ."

This provision is restated in Ind.Code § 35–1.1–2–1(a) (Burns Repl.1979) (now repealed; present law found in Ind.Code § 35–32–2–1). There are some exceptions to this general rule, such as Ind.Code § 35–1.1–2–1(d) (now repealed), which reads as follows: "If the commission of an offense is commenced in one county and is consummated in another county, trial may be had in either of the counties." Recent cases have shown that when the various acts which comprise the crime are part of the "single chain of events," the charge may be brought in the county where the acts began or ended. *Osborne v. State,* (1981) Ind., 426 N.E.2d 20; *French v. State,* (1977) 266 Ind. 276, 362 N.E.2d 834; *Spoonmore v. State,* (1980) Ind.App., 411 N.E.2d 146.

The defendant was charged in Lawrence County with criminal deviate conduct, criminal confinement, and conspiracy to commit a felony. Prior to the start of the trial, the defendant moved to dismiss the charges on the ground that the alleged criminal deviate conduct took place in Martin County. In the alternative, he moved to transfer the case to Martin County. The trial court denied the motion. During the trial, both sides stipulated that the criminal deviate conduct occurred in Martin County. Following the presentation of evidence by both sides, the jury acquitted the defendant of conspiracy and criminal confinement, but convicted him of criminal deviate conduct.

The State contends that the actions of the defendant in Lawrence County made the basis for venue proper in that county, even though the crime for which the defendant was convicted was committed in Martin County. We disagree. What is lacking here are acts done by the defendant in Lawrence County that are integrally re-

lated to the crime consummated in Martin County. In *French, supra,* the young victim was abducted from a store in Madison County but was later murdered in Hamilton County. We held that the abduction, along with other charges of robbery and sexual attacks, were integrally related with the murder for the purposes of venue. 266 Ind. at 285, 362 N.E.2d at 839. Thus, the basis for venue in Madison County was sufficient. *See also Archer v. State,* (1886) 106 Ind. 426, 7 N.E. 225 (the conspiracy to commit murder and the kidnapping of the victim occurred in one county, but the victim was taken to another county where he was killed; venue was sufficient in either county).

Likewise, in *Spoonmore, supra,* the victim was abducted in Delaware County and driven to Henry County where the rape was consummated. There, the Court of Appeals held that under the authority of *French,* the acts of abduction and assault preceding the rape constituted a "single chain of events." Basis for venue in Delaware County was sufficient. 411 N.E.2d at 147.

In the matter at hand, the record does not show that the events in Lawrence County were integrally related to the crime in Martin County. The three men returned to Oolitic in Lawrence County after being refused permission to swim at a Bloomington quarry. Once in Oolitic, they agreed to switch from the victim's car to Harbison's car. The victim went along voluntarily with the idea of riding in Harbison's car. Ostensibly, the purpose of the trip was to collect rent money owed the defendant. This turned out to be false and the only other evidence of deception was the defendant's use of a false name. However, no evidence was shown that the victim would not have accompanied the defendant voluntarily had the situation been otherwise. The victim stated he was not held against his will and never felt threatened during the approximate two-hour ride in Lawrence County. It was only after the car stopped and the defendant got out, held a discussion with his accomplice, and then brandished a knife, that the victim felt threatened. The jury itself acquitted the defendant of crimi-

nal confinement and conspiracy. Had he been found guilty of those crimes, venue would have been proper in Lawrence County. *See* Ind.Code § 35–1.1–2–1(d); § 35–1.1–2–5(b) (venue for conspiracy).

An analogous situation is found in *Strickland v. State,* (1940) 217 Ind. 588, 29 N.E.2d 950. In that case, the defendant was charged with forgery and also with the uttering of a forged instrument. Trial was held in Daviess County. The defendant was acquitted of the uttering charge and convicted of forgery. The forgery, however, took place in Knox County. This Court held that the failure to prove venue necessitated the reversal of the judgment. 217 Ind. at 595, 29 N.E.2d at 953. *See also Fritz v. State,* (1924) 194 Ind. 242, 141 N.E. 244.

Although we stated that it is necessary to treat only that issue requiring reversal, a second perusal of the appellate briefs necessitates a brief discussion of two other issues. Defendant requested that a special prosecutor be appointed because the prosecutor for Lawrence County had represented the defendant in an earlier case. Today's holding insures that the defendant will not be retried on the criminal deviate conduct charge in Lawrence County; thus, this issue will not arise should the defendant be subjected to a new trial in Martin County.

A more important issue concerns the defendant's status as a habitual offender. The reversal of the defendant's conviction sets aside his habitual offender status. However, we feel this issue may arise again and that prosecutors should follow the proper procedure when charging a defendant with being a habitual offender. The record reveals that the prosecutor filed a count on September 18, 1981, alleging that the defendant had committed the crime of criminal deviate conduct. A second count charging conspiracy to commit a felony was added on September 22. Then, on September 23, the State filed an "Affidavit of Prior Felony Convictions." This document stated that the defendant had been convicted of two prior felonies and gave the conviction

dates and the courts in which they were entered. There was no express indication that the State wished to have the defendant charged as a habitual offender. The defendant was arraigned on counts I and II but the record does not show that the defendant was arraigned on the "Affidavit."

On January 4, 1982, the State filed an amended information in three counts. The only material change was the addition of a kidnapping charge in Count III. The defendant was arraigned on the amended information but, once again, was not arraigned on the "Affidavit." It did not appear as the fourth count of the information nor was it attached as a separate page of the information.

We feel the State erred when it did not include a habitual offender charge on a separate page in the amended information and did not arraign the defendant on that charge. This charge should always be attached to the information on a separate page. We have repeatedly held that habitual offender allegations must be charged in the same manner as a criminal offense. *Anderson v. State,* (1982) Ind., 439 N.E.2d 558; *Griffin v. State,* (1982) Ind., 439 N.E.2d 160; *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830. We stated in *Griffin, supra:*

> "[T]he allegations of habitual criminal must contain all of the procedural matters and safeguards of the original and underlying charges in that they are brought by sworn affidavit contained in an information and endorsed by the prosecuting attorney, setting out the facts sufficient and adequate for the defendant to defend himself and giving the defendant an opportunity to plead to such allegations."

*Id.,* 439 N.E.2d at 165.

Therefore, the trial court is instructed to set aside the defendant's conviction, to set aside the finding of habitual offender, and to transfer the charges to Martin County for a new trial.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.