STATE of Indiana, Appellant
(Plaintiff Below),

v.

Karen ABRAHAMSON, Appellee
(Defendant Below).

No. 71A03–8707–CR–196.

Court of Appeals of Indiana,
Third District.

Dec. 14, 1987.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Charles W. Lahey, South Bend, for appellee.

HOFFMAN, Judge.

The State of Indiana brings this appeal on a reserved question of law after the trial court granted a judgment on the evidence to defendant-appellee Karen Abrahamson during her trial for criminal confinement. The trial court ruled that the State had not adequately established jurisdiction over Abrahamson because the alleged acts were conducted in another state and in violation of a duty imposed by the other state.

The evidence relevant to this appeal discloses that Abrahamson and William Kershner lived together in Oklahoma where they had two children: one born in 1980; and one born in 1981. In 1983 Kershner and Abrahamson separated. The children lived with Kershner in Oklahoma from 1983 to 1985. In 1985 Kershner decided to move to South Bend, Indiana. He left the children with Abrahamson while he completed living arrangements. Because Abrahamson refused to return the children, Kershner returned to Oklahoma and filed a Writ of Habeas Corpus. Abrahamson filed a counter-suit requesting custody and support. The court in Oklahoma issued an order granting custody to Kershner, authorizing the children to live in Indiana and ordering Abrahamson to pay support. The order granted Abrahamson reasonable visitation including "sixty (60) days each summer."

Pursuant to the Oklahoma order in October 1985 Kershner took the children to reside in Indiana. In the summer of 1986 arrangements were made for Abrahamson to exercise her visitation rights. Abrahamson did not return the children at the agreed time. Kershner was unable to contact Abrahamson and did not know the children's whereabouts. Kershner then contacted the Oklahoma City Police, the South Bend Police, the Federal Bureau of Investigation and the St. Joseph County,

Indiana Prosecutor's Office. Approximately one month later Abrahamson was arrested in Fort Worth, Texas and the children were found. Abrahamson was sent to St. Joseph County, Indiana for trial on criminal confinement.

The State brings this appeal on reserved questions challenging the court's interpretation of the criminal confinement statute, IND.CODE § 35–42–3–3(b)(2) (1985 Supp.), in conjunction with the jurisdiction statute for criminal cases, IND.CODE § 35–41–1–1 (1982).

The relevant portions of IND.CODE § 35–41–1–1 state:

"Jurisdiction

Sec. 1. (1) A person may be convicted under Indiana law of an offense if:

(1) either the conduct that is an element of the offense, the result that is an element, or both, occur in Indiana; [or]

\*      \*      \*      \*      \*      \*

(5) the offense consists of the omission to perform a duty imposed by Indiana law with respect to domicile, residence, or a relationship to a person, thing, or transaction in Indiana."

The relevant provisions of IND.CODE § 35–42–3–3 are:

"(b) A person who knowingly or intentionally:

\*      \*      \*      \*      \*      \*

(2) removes another person who is under eighteen (18) years of age to a place outside Indiana and violates a child custody order of a court by failing to return the other person to Indiana;

commits criminal confinement, a Class D felony."

The trial court granted Abrahamson's motion for judgment on the evidence in which she alleged that the State had not presented sufficient evidence to establish jurisdiction. The trial court ruled that neither the conduct nor the result occurred in Indiana as required by IND.CODE § 35–41–1–1(a)(1). Further, the court ruled that IND.CODE § 35–41–1–1(a)(5) was inapplicable because the duty to return the

children to Indiana was not imposed by Indiana law. Resolution of the appeal devolves on the proper interpretation of IND. CODE § 35–41–1–1(a)(1); therefore, IND. CODE § 35–41–1–1(a)(5) need not be discussed. In particular the focus of the appeal can be narrowed to the proper interpretation of "the result that is an element" of an offense in Indiana.

The criminal confinement statute includes the element of "violat[ing] a child custody order of a court by failing to return" a child to Indiana. IND.CODE § 35–42–3–3(b)(2). The result, failing to return the child, cannot occur anywhere but Indiana when lawful custody of the child rests with a person domiciled in Indiana. Consequently, even though the custody order was obtained in Oklahoma and Abrahamson's actions and omissions did not occur within Indiana, the result of her omissions lie peculiarly within the jurisdiction of Indiana. *Cf. State v. Leed* (1962), 243 Ind. 402, 186 N.E.2d 5 (Indiana court had jurisdiction over father living in another state who failed to support children).

Therefore, the State's appeal is sustained.

MILLER, P.J., concurs in result.

GARRARD, P.J., dissents without opinion.