Keith **SOWERS**, Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 83A01–8907–CR–248.

Court of Appeals of Indiana,
First District.

Nov. 29, 1989.

Henry J. Antonini, Clinton, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Keith Sowers appeals his conviction of Forgery,[1] a class C felony, for which he was sentenced to a period of incarceration of five years and to pay fines in the amount of the action. We affirm.

## FACTS

The evidence most favorable to the judgment indicates that David Huffman (Huffman), a resident of Newport, in Vermillion County, Indiana, had employed Keith Sowers (Sowers) to help Huffman occasionally in the garage of his residence during a period of about one month before August 1988. Sowers had observed Huffman writing checks from pamphlets of checks issued by the First Citizens State Bank of Newport (Citizens). Huffman kept the blank checks in his garage.

Huffman was away from Newport during a three week period from approximately August 16, 1988 until September 11, 1988. Sowers spoke to his brother-in-law, Robert See, about Huffman's absence and the fact that Huffman kept checks in his garage. Sowers stated that there would be no point in his taking Huffman's checks since Sowers cannot read or write. See offered to make Huffman's checks payable to Sowers. Sowers then stole Huffman's checks from Huffman's locked garage. See made out several of Huffman's checks purportedly to bear Huffman's signature authorizing payment to Sowers. See made out other checks to himself from Huffman.

On August 16, 1988, Sowers and See opened separate bank accounts at the VA Credit Union (Credit Union) in Danville, Illinois. After indorsing his name on the back, Sowers deposited Huffman's check # 162 on the Citizens account via automated teller machine. See had signed Huffman's signature, making the check out to

Sowers for $80.00, annotating "labor" in the lower left corner of the face of the check, and dating it August 16, 1988. Sowers then withdrew the $80.00.

When Huffman returned to Newport on September 11, 1988, he found that some of his checks had been returned for insufficient funds. After checking with the bank, Huffman discovered that some of his checks had been forged. Huffman completed an affidavit of forgery for the bank and reported to the police that Sowers had forged Huffman's name to check # 162. After a police investigation, Sowers was charged with one count of Forgery, a class C felony. The information was filed in the State of Indiana, County of Vermillion. Although Sowers was charged with class D felony theft,[2] on February 7, 1989, the trial court refused to permit the State to join the theft charge with the forgery charge for trial on February 9–10, 1989. Sowers filed a pretrial Motion to Dismiss for Lack of Jurisdiction and a Motion for Directed Verdict because of a lack of showing of jurisdiction or venue in Vermillion County, Indiana. The trial court overruled both motions. The jury convicted Sowers of class C felony forgery and the court entered judgment accordingly. Additional facts will be discussed as necessary.

## ISSUES

1. Whether the trial court had jurisdiction to try the case?

2. Whether the trial court was a proper venue for trial?

## DISCUSSION AND DECISION

*Issue One*

Sowers contends that he committed the crime of forgery entirely within Illinois and therefore the Vermillion County Circuit Court had no jurisdiction to try his case. Indiana Code 35–41–1–1 provides for determining when an Indiana court has jurisdiction to decide a criminal case: "(a) A person may be convicted under Indiana law of

---

1. Indiana Code section 35–43–5–2.

2. Indiana Code section 35–43–4–2.

an offense if: ... (4) conduct occurring in Indiana establishes complicity in the commission of, or an attempt or conspiracy to commit, an offense in another jurisdiction that also is an offense under Indiana law; ..." Indiana courts have held that Indiana's jurisdiction is extended to crimes commenced in Indiana and completed out of state if it is shown that the out of state crime was integrally related to the crimes in Indiana. *Pollard v. State* (1979), 270 Ind. 599, 388 N.E.2d 496 (Indiana had jurisdiction to convict of murder where there was an integral relationship between the assault by stabbing and abduction in Indiana and the murder by gunshot wound inflicted in Kentucky); *Conrad v. State* (1974), 262 Ind. 446, 317 N.E.2d 789 (Indiana had jurisdiction to convict for murder where the assault and abduction in Indiana were followed by the infliction of a final, fatal blow in Ohio); *State v. Abrahamson* (1987), Ind.App., 516 N.E.2d 87 (Indiana had jurisdiction to prosecute mother for criminal confinement where the result of her actions had effect in Indiana after she violated a custody order, issued in Oklahoma granting custody to father and authorizing children to live in Indiana, by failing to return children to Indiana after removing them from Indiana for visitation and taking children to Texas); *Anderson v. State* (1983), Ind.App., 452 N.E.2d 173 (Indiana had jurisdiction where defendants stole from the victim in Kentucky and then forced the victim to go to Indiana). In discussing the proper venue of a case, Indiana courts also have held that when the various acts which comprise the crime are part of a single, continuous chain of events, the charge may be brought either in the county where the acts began or the county where the acts ended. *Osborne v. State* (1981), Ind., 426 N.E.2d 20 (kidnappings and theft were part of one continuous chain of events that were integrally related); *French v. State* (1977), 266 Ind. 276, 362 N.E.2d 834 (robbery, abduction, sexual attacks and murder charged all were integrally related and one act led to another in what, for purposes of venue, may be considered a single chain of events).

Sowers argues that the analysis of *Pollard, Conrad, Abrahamson,* and *Anderson* does not apply to the present case because those cases only apply where out-of-state crimes were integrally related to crimes committed in Indiana. Sowers contends that he committed no crime in Indiana and committed forgery only when he uttered Huffman's check #162 in Illinois. We recognize that Sowers was not charged with Conspiracy to Commit Forgery or with Attempt to Commit Forgery, even though the Information stated that Sowers had conspired with See to sign Huffman's name. We do not read the above so narrowly as to exclude cases where non-chargeable acts occur in Indiana and are in furtherance of and integrally related to crimes committed outside Indiana. Furthermore, Sowers did steal Huffman's checks in Newport, Vermillion County, Indiana. Theft is a crime in Indiana under I.C. 35–43–4–2. Although Sowers was charged with theft of the checks, that crime was not joined for trial with the forgery charge. However, we located no authority which would require us to ignore the theft committed in Indiana, especially when the evidence presented at trial, including Sowers' confession, established the commission of the theft. We, therefore, find the integral relationship analysis of *Pollard, Conrad, Abrahamson* and *Anderson* applicable to this case.

Forgery, by making or uttering a written instrument, is an offense under Illinois law. Ill.Ann.Stat. ch. 38, para. 17–3 (Smith–Hurd 1977). Forgery is also a felony offense in Indiana defined as follows: "A person who, with intent to defraud, makes or utters a written instrument in such a manner that it purports to have been made: ... (4) by authority of one who did not give authority; commits forgery, a class C felony." I.C. 35–43–5–2. The Indiana Code defines "utter" as "to issue, authenticate, transfer, publish, deliver, sell, transmit, present, or use." Indiana Code 35–41–1–27.

■ The evidence establishes that on or about August 16, 1988, Sowers and See discussed Sowers' stealing Huffman's checks. See agreed to make the checks out

purporting Huffman's signature if Sowers would take the Citizens State Bank checks from Huffman's garage in Newport, Indiana. Sowers entered Huffman's locked garage and took some checks and See made some of the checks out to Sowers and some to himself, signing Huffman's name as the authorizing signature. The evidence was sufficient for the jury to infer that Sowers conspired with See in Indiana to steal the checks and forge Huffman's name. The evidence establishes that Sowers and See went to Danville, Illinois, to open credit union accounts at the VA Credit Union in order that they might present the checks for payment at the credit union. Sowers and See then deposited the checks purportedly made by Huffman into their separate credit union accounts. Sowers deposited Huffman's check # 162 for $80.00 into his account on August 16, 1988. Then, he withdrew the $80.00. Sowers thus uttered check # 162 in Illinois. Taken as an entirety, the evidence established that Sowers and See conspired together in Indiana for See to forge Huffman's signature on check # 162 and for Sowers to commit forgery by uttering check # 162 in Illinois.

The evidence also established that Sowers had an intent to defraud the VA Credit Union, Citizens State Bank and Huffman. Sowers' conduct in Indiana, conspiring to utter check # 162 in Illinois, is an offense in both Indiana and Illinois. Sower's and See's actions in furtherance of their conspiracy to commit forgery and Sower's theft of Huffman's checks were all actions in Indiana integrally related to Sower's uttering of check # 162 in Illinois. The activities occurred within a short time and were in a single, continuous chain of events. Therefore, under both I.C. 35–41–1–1(a)(4) and the above-mentioned cases, an Indiana court had jurisdiction to determine the charges against Sowers and to convict him of forgery under Indiana law.

*Issue Two*

Sowers contends that Vermillion County, Indiana, did not have venue of his case and therefore had no jurisdiction to determine whether he committed forgery or to convict him. As Sowers points out, a criminal defendant has a constitutional right to be tried in the state and county where the defendant committed the crime. U.S. Const. art. III, Section 2; U.S. Const. Amendment VI; Ind. Const. art. I, section 13. In addition, Ind.Code 35–32–2–1 provides for determining the proper venue within Indiana.

First we note that venue merely defines the particular county or district in a state in which the civil cause or criminal prosecution must be brought. *Bledsoe v. Indiana* (1945), 223 Ind. 675, 678, 64 N.E.2d 160, 161. Whereas jurisdiction of the subject matter may not be waived, venue and the other procedural steps by which jurisdiction is invoked are not themselves jurisdictional and may be waived. *See Id.* Although, as Sowers notes, failure of the State to prove venue in a criminal case is fatal, such proof being necessary to show jurisdiction of the court to try and determine the issue, *Strickland v. State* (1940), 217 Ind. 588, 594, 29 N.E.2d 950, 952, venue is not an element of a crime. *Small v. State* (1948), 226 Ind. 38, 42, 77 N.E.2d 578, 580.

As we have already determined that Indiana had jurisdiction to convict Sowers, we need only determine which county or counties within Indiana were a proper venue for the trial. Indiana Code 35–32–2–1 provides that:

"(a) Criminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law...

"(f) If an offense commenced inside Indiana is completed outside Indiana, the offender shall be tried in any county where an act in furtherance of the offense occurred."

The facts established at trial show that the only county in Indiana where any of the various acts in furtherance of the forgery were committed was Vermillion County, Indiana, in which Newport is located. Sowers and See conspired in Vermillion County to steal and forge Huffman's checks and Sowers stole Huffman's checks in Vermillion County. Therefore, Vermillion County

was unquestionably the only proper venue for trial in Indiana.

We hold that Vermillion County was a proper jurisdiction and venue for Sowers' trial.

Affirmed.

CHEZEM, P.J., and ROBERTSON, J., concur.

2. Indiana Code section 35–47–2–1.