**Dustin NEFF, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A02–0904–CR–332.**

Court of Appeals of Indiana.

Jan. 27, 2010.

Steven Stoesz, Stoesz & Stoesz, Westfield, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Karl Scharnberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

BARNES, Judge.

Dustin Neff petitions for rehearing following our decision in *Neff v. State*, 915 N.E.2d 1026 (Ind.Ct.App.2009). There, we held that, although the State failed to prove venue in Hamilton County for a charge of child solicitation, double jeopardy principles did not prohibit a retrial on that charge in Madison County. *Id.* at 1036–37. Neff challenges our double jeopardy conclusion. We issue this opinion on rehearing but affirm our original decision in all respects.

Neff observes that Indiana Code Section 35–32–2–5(a) states:

> When it appears, at any time before verdict or finding, that the prosecution was brought in an improper county, the court shall order that all papers and proceedings be certified and transferred to a court with jurisdiction over the offense in the proper county and, when necessary, order the sheriff to deliver custody of the defendant to the sheriff of the proper county.

Neff contends that because this statute expressly permits transfer of an improperly venued case "at any time *before* verdict or finding," the Hamilton County Superior Court lacks authority to transfer the case to Madison County on remand because it already entered a guilty finding against him. We respond that because of our reversal of Neff's conviction, there is now no extant guilty "finding" at this time. Transfer of the case now for retrial would occur before any new "verdict or finding." We do not believe this statute prohibits us from directing the transfer of Neff's case to Madison County.

There is no doubt the trial court could have transferred this case to Madison County immediately before entering a

guilty finding, in response to Neff's closing argument that venue in Hamilton County was lacking, without any double jeopardy implications. The fact that the trial court erroneously did not transfer the case and that we had to correct that error on appeal should not bar a retrial. As we observed in our original opinion, whether a defendant may face a second trial in the correct county for an offense should not depend on the vagaries of the moment a challenge to venue is made; or, as in this case, when such a challenge is correctly ruled upon.

Neff also directs us to cases holding that the State's failure to prove venue in a criminal case is "fatal." *See Sowers v. State,* 546 N.E.2d 1230, 1233 (Ind.Ct.App. 1989); *see also Strickland v. State,* 217 Ind. 588, 594, 29 N.E.2d 950, 952 (1940). Many things can be "fatal" to the State's case against a defendant, but not all such "fatalities" result in a double jeopardy bar on retrial. Neither *Sowers* nor *Strickland* contain any discussion of the double jeopardy effect of an appellate reversal of a conviction based on lack of venue. In fact, *Sowers* notes that venue is not an element of a crime, which was a primary basis in our original opinion for concluding that Neff may be retried. *See Sowers,* 546 N.E.2d at 1233. As for *Strickland,* our supreme court reversed the defendant's conviction for lack of venue, but remanded for the defendant to have a new trial. *Strickland,* 217 Ind. at 595, 29 N.E.2d at 953. It is true that the defendant in that case had moved for a new trial; still, *Strickland* cannot be any authority for the proposition that an appellate holding that venue was lacking in a criminal prosecution bars retrial in the appropriate venue.

We reaffirm and adhere to our double jeopardy analysis in our original opinion, including our disapproval of the holdings in *Williams v. State,* 634 N.E.2d 849 (Ind. Ct.App.1994), and *Elkins v. State,* 754 N.E.2d 643, 644–45 (Ind.Ct.App.2001), *trans. denied.*

CRONE, J., and BRADFORD, J., concur.