**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED
Apr 08 2013, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRELL VAN CAUSEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1210-CR-425 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1201-FB-19

**April 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Terrell Van Causey appeals his convictions and the sentences imposed for two counts of dealing in cocaine or a narcotic drug, as Class B felonies; one count of maintaining a common nuisance, as a Class D felony; and one count of possession of marijuana, hash oil, or hashish, as a Class A misdemeanor, following a bench trial. Causey presents the following issues for review:

1. Whether his convictions for maintaining a common nuisance and possession of marijuana, hash oil, or hashish violate the Double Jeopardy Clause.

2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In May 2011, a confidential informant ("CI") for the Fort Wayne Police Department informed Detective Jamie Masters that she could buy crack from a man that she knew as "Strike." Detective Masters later learned that Strike was an alias used by Causey. On May 23, the CI made a controlled buy of less than one-half gram of cocaine from Causey. On May 25, the CI again made a controlled buy of less than one-half gram of cocaine from Causey. Detective Masters then obtained a search warrant for Causey's apartment. Detective Masters and other officers executed the search warrant on May 27. Inside Causey's apartment they found $480 in cash and a Comcast bill addressed to Causey, as well as a partly burned marijuana blunt in Causey's bedroom.

The State charged Causey with two counts of Class B felony dealing in cocaine, one count of Class D felony maintaining a common nuisance, and one count of Class A

2

misdemeanor possession of marijuana. After a bench trial, the trial court found Causey guilty on all counts. The court entered judgment of conviction accordingly and imposed concurrent sentences of fourteen years for each count of dealing in cocaine, with ten years executed and four years suspended to probation; three years for maintaining a common nuisance; and one year for possession of marijuana, for an aggregate sentence of fourteen years. Causey now appeals.

## DISCUSSION AND DECISION

### Issue One: Double Jeopardy

Causey contends that the trial court violated the prohibition against double jeopardy when it entered judgment of conviction on both maintaining a common nuisance, as a Class D felony, and possession of marijuana, as a Class A misdemeanor. Article I, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Our supreme court has explained that two offenses are the same offense if the statutory elements of the crime are the same or the actual evidence used to convict the defendant of two offenses is the same. Richardson v. State, 717 N.E.2d 32, 49-50 (Ind. 1999). The statutory elements analysis uses the test set forth by the United States Supreme Court in Blockberger v. United States, 284 U.S. 299 (1932). Goldsberry v. State, 821 N.E.2d 447, 459 (Ind. Ct. App. 2005) (citation omitted). Causey does not argue that the statutory elements test applies. We therefore turn to his argument under the actual evidence test.

Under the actual evidence test, "the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct

facts." Richardson, 717 N.E.2d at 53. To establish a double jeopardy violation, "a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Id. However, "the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002) (citations omitted).

Application of the actual evidence test requires the court to identify the essential elements of each of the challenged crimes and to evaluate the evidence from the fact-finder's perspective. Rexroat v. State, 966 N.E.2d 165, 169 (Ind. Ct. App. 2012) (citation omitted), trans. denied. "In determining the facts used by the fact-finder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel." Id. (internal quotation marks omitted).

Here, Causey was convicted of both maintaining a common nuisance, as a Class D felony, and possession of marijuana, as a Class A misdemeanor. To prove the offense of possession of marijuana, as a Class A misdemeanor, the State was required to show that Causey knowingly or intentionally possessed marijuana. See Ind. Code § 35-48-4-11(1). And to prove the offense of maintaining a common nuisance, as a Class D felony, the State was required to show that Causey knowingly or intentionally maintained a building or structure and that that building or structure was used one or more times for unlawfully

4

keeping, selling, or delivering controlled substances or items of drug paraphernalia. See Ind. Code § 35-48-4-11.

Causey contends that the trial court used the same evidence to convict him of both maintaining a common nuisance and possession of marijuana. In particular, he argues that the State charged that he maintained a common nuisance "on or about May 27, 2011," that the only evidence of keeping, selling, or delivering a controlled substance on that date was the marijuana, and that same evidence (the marijuana blunt) was used to convict him of both offenses in violation of the Double Jeopardy Clause. There are no jury instructions to review for this bench trial, and the State waived closing argument. Thus, we consider the charging information and the evidence admitted at trial in resolving this issue.

We initially observe that, "[w]hen an information alleges that an offense occurred 'on or about' a certain date, the State is not limited to presenting evidence of events that occurred on that particular date when time is not an element of the offense." Neff v. State, 915 N.E.2d 1026, 1032 (Ind. Ct. App. 2009), reaff'd on reh'g, 922 N.E.2d 44 Ind. Ct. App. 2010), trans. denied. Additionally, Indiana Code Section 35-34-1-2(a)(5) provides only that an information must state "the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense . . . ." In the present case, time is not an element of either maintaining a common nuisance or possession of marijuana. Causey does not argue that the charges were filed outside the period of limitations. Thus, the trial court could have

5

used Causey's sale of cocaine on May 23 and May 25 to support the conviction for maintaining a common nuisance.

Still, Causey argues that there is a reasonable possibility that the trial court used the possession of marijuana to support the common nuisance conviction. But showing a "'reasonable possibility' that the trial court used the same facts to reach two convictions requires substantially more than a logical possibility." Lee v. State, 892 N.E.2d 1231, 1236 (Ind. 2008). "Rather, 'reasonable possibility' turns on a practical assessment of whether the [trier of fact] may have latched on to exactly the same facts for both convictions." Id. (citation omitted). "[T]he possibility must be reasonable, not speculative or remote." Griffin v. State, 717 N.E.2d 73, 89 (Ind. 1999), cert. denied, 530 U.S. 1247 (2000). Further, we presume that the trial court is aware of and knows the law. See Conley v. State, 972 N.E.2d 864, 873 (Ind. 2012). Causey has not shown more than a speculative or remote possibility that the trial court used the same evidence to convict him of both maintaining a common nuisance and possession of marijuana. Thus, his double jeopardy claim must fail.

**Issue Two: Appellate Rule 7(B)**

Causey also contends that his sentence is inappropriate in light of the nature of the offenses and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize [] independent appellate review and revision of a sentence imposed by the trial court." Roush, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B).

Id.  Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character.  See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).  We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006).  However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review."  Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court has also stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference."  Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008).  Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented.  See id. at 1224.  The principal role of appellate review is to attempt to "leaven the outliers."  Id. at 1225.  Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case."  Id. at 1224.

Causey was convicted of two counts of dealing in cocaine, as Class B felonies, for which he was sentenced to fourteen years on each count; one count of maintaining a common nuisance, as a Class D felony, for which he was sentenced to three years; and one count of possession of marijuana, as a Class A misdemeanor, for which he was sentenced to one year.  The statutory sentencing range for a Class B felony is between six

and twenty years with an advisory sentence of ten years. Ind. Code § 35-50-2-5. The range for a Class D felony is between six months and three years with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7. And the range for a Class A misdemeanor is less than or equal to one year. Ind. Code § 35-50-3-2. Causey's aggregate sentence is fourteen years, with ten years executed.

We first consider whether Causey's sentence is inappropriate in light of the nature of the offenses. Again, Causey was convicted of two counts of dealing in cocaine, as Class B felonies, for selling cocaine to a CI on two separate dates from the apartment where he lived. Causey delivered less than one-half gram of cocaine in each transaction. As discussed above, his conviction for maintaining a common nuisance is based on those sales. And, when police executed a search warrant, they found $480 in cash and a partly burnt marijuana blunt in the bedroom. Causey points to the facts that he sold only a small amount of cocaine in each sale and that police found no drugs besides the marijuana blunt in his apartment. But we are not limited to considering the nature of the offenses.

We also consider Causey's character. The trial court cited his extensive criminal history as an aggravator. Specifically, Causey had been adjudicated a delinquent for committing Class D felony sexual battery, if committed by an adult. As an adult, he had accumulated ten misdemeanor convictions: three convictions for resisting law enforcement; three convictions for criminal trespass; two convictions for never receiving a license; one conviction for battery; and one conviction for possession of marijuana, hash oil, or hashish. He also had two felony convictions for possession of cocaine or a narcotic drug and attempted burglary. He has had three prior suspended sentences, one

8

electronic monitoring placement, and two revocations of probation. And despite leniency in prior sentencing, Causey has continued to flout the law.

Still, Causey insists that the trial court accorded "too much weight" to his criminal history. But a trial court "no longer has any obligation to 'weigh' aggravating and mitigating factors against each other" and thus "a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified in part on other grounds, 875 N.E.2d 218 (Ind. 2007). He also asserts that the trial court should have considered mitigators but found none. In particular, he points to his mother's testimony about the "interactions between [him] and his family, specifically his son[,]" and her "desire that [he] be given a chance by the trial court to turn his life around in the same manner that she had." Appellant's Brief at 12. But Causey has not shown that the subject of his mother's testimony constitutes a significant mitigator.[1] See Anglemyer, 868 N.E.2d at 493 ("An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record.") Considering Causey's character in conjunction with the nature of the offenses, we cannot say that his fourteen-year aggregate sentence with ten years executed, for three felonies and a misdemeanor, is inappropriate.

Affirmed.

BAILEY, J., and BARNES, J., concur.

---

[1] To the extent Causey is arguing that the trial court abused its discretion in failing to recognize a significant mitigator, he waived that issue for lack of cogent argument. See Ind. Appellate Rule 46(A)(8)(a).