## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 30 2017, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Douglas D. Martz
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joshua R. Walker, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 30, 2017 <br><br> Court of Appeals Case No. <br> 05A02-1607-CR-1584 <br><br> Appeal from the Blackford Circuit Court <br><br> The Honorable Dean A. Young, Judge <br><br> Trial Court Cause No. <br> 05C01-1505-F5-114 |

**Mathias, Judge.**

[1]  Joshua R. Walker ("Walker") was convicted in Blackford Circuit Court of Level 6 felony neglect of a dependent and sentenced to an executed term of two

and one-half years of incarceration. On appeal, Walker contends that the trial court abused its discretion in sentencing him by considering an element of the crime as an aggravating factor.

[2] We affirm.

## Facts and Procedural History

[3] Walker and his girlfriend, Doralee Burress ("Burress"), had a child, B.W. On October 14, 2014, Burress took the child to Riley Children's Hospital in Indianapolis because the infant's head seemed enlarged. At the hospital, doctors discovered that B.W. had suffered serious injuries, which included multiple skull fractures, fractured ribs, a possible fracture of his tibia and left ankle, a lacerated liver, retinal hemorrhaging, and fluid on his brain. One of the treating physicians told the police that some of the fractures showed signs of healing, but that the rib fractures had not yet healed. The physician was of the opinion that the injuries were the result of abuse, not accident. Walker and Burress were the child's main caregivers, and only they and Walker's sister, Burress's mother, and Burress's friend had ever been alone with the child since his birth.

[4] On May 4, 2015, the State charged Walker with Level 5 felony neglect of a dependent. Walker entered into a plea agreement with the State on January 28, 2016, in which he agreed to plead guilty to Level 6 felony neglect of a dependent and serve any sentence received on home detention through community corrections. The trial court rejected this plea agreement on

February 26, 2016. Thereafter, the parties entered into another plea agreement. This time, the agreement called for Walker to plead guilty to Level 6 neglect of a dependent, but sentencing was left wholly to the discretion of the trial court. The trial court accepted this plea.

[5] At a sentencing hearing held on June 13, 2016, the trial court found as mitigating the following factors: Walker had no criminal history; Walker had served in the Navy for five years; Walker had cooperated with the Department of Child Services in the CHINS proceeding that was initiated due to B.W.'s injuries and sought treatment; and Walker was at a low risk to reoffend. The trial court found as aggravating the extent and severity of the infant's injuries. Concluding that the aggravators outweighed the mitigators, the trial court sentenced Walker to two and one-half years of incarceration, with no time suspended. Walker now appeals.

## Discussion and Decision

[6] Generally speaking, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id*. The trial court may abuse its discretion in sentencing in a number of ways, including (1) wholly failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are

clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012) (citing *Anglemyer*, 868 N.E.2d at 490-91).

[7] Walker argues that the trial court abused its sentencing discretion when it considered elements of the crime for which he was convicted as aggravating factors to "enhance" his sentence. In *Gomillia v. State*, 13 N.E.3d 846 (Ind. 2014), our supreme court explained that "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, *absent something unique about the circumstances that would justify deviating from the advisory sentence*, that reason is improper as a matter of law." *Id*. at 852-53 (emphasis added) (brackets in original) (citations and internal quotation marks omitted). Thus, if the trial court relies upon an aggravating factor that is also a material element of the offense, then the trial court abuses its discretion; but if there is something unique about the circumstances of the crime, then there is no abuse of discretion in relying upon these circumstances as an aggravating factor. *See id*. at 853 ("Generally, the nature and circumstances of a crime is a proper aggravating circumstance.").

[8] Applying this to the facts of the present case, we discern no abuse of the trial court's sentencing discretion, as the trial court did not rely upon the material elements of the crime of neglect of a dependent as aggravators; instead, it relied upon the particularly horrific nature and circumstances of the case as aggravators.

The statute defining the crime of neglect of a dependent as a Level 6 felony provides:

> A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally:
>
>> (1) places the dependent in a situation that endangers the dependent's life or health;
>>
>> (2) abandons or cruelly confines the dependent;
>>
>> (3) deprives the dependent of necessary support; or
>>
>> (4) deprives the dependent of education as required by law;
>
> commits neglect of a dependent, a Level 6 felony.

Ind. Code § 35-46-1-4(a). Injury to the dependent and the pain the dependent suffers are not material elements of the crime.[1] Yet, it is precisely these facts that the trial court described as aggravating factors in its sentencing statement:

> It is the aggravating circumstances, however, in this case that leads the Court to the conclusion that it will reach with respect to the sentence in this case. [B.W.] was a totally defenseless, totally dependent child, who spent the first two months of his life and every day, every moment of the first two months of his life in great agony. He was literally beaten up by somebody and the two people that were responsible to [e]nsure that that would never occur to their child are deaf and dumb when it comes to the

---

[1] We reject Walker's claim that the length of time that B.W. was abused was a material element of the crime because the charging information stated that the crime occurred "between August 7, 2014 and October 16, 2014." Appellant's App. p. 28. That the charging information included a range of dates does not transform this range into a material element of the offense. *See Blount v. State*, 22 N.E.3d 559, 569 (Ind. 2014) (noting that where time is not otherwise an element of the offense, the State is not required to prove the offense occurred on the date alleged in the charging instrument) (citing *Neff v. State*, 915 N.E.2d 1026, 1032 (Ind. Ct. App. 2009), *adhered to on reh'g*, 922 N.E.2d 44 (Ind. Ct. App. 2010)).

possible explanation as to why that happened. The injuries have been set out for the record many times before, but just for purposes of formulating the Court's thoughts and the sentencing order in this case, it's noteworthy that when he first was referred to Riley Hospital he had an unusually large head, he wasn't acting right. Once at Riley, they discovered multiple skull fractures and fluid on his brain. Many of the fractures in various stages of healing which means that it happened more than once. Multiple rib fractures, again, in various stages of healing, which indicate that it happened more than once. Possible fracture to the tibia and left ankle. He had a laceration or a cut on his liver. There was bruising to the left side of his face.

Virtually every single moment of that child's life he was in great agony. The parents were equally responsible to keep that from happening and should it happen by others to seek medical treatment. Accordingly, they are both equally culpable. That child was put to more torture than if he would an Islamic Jihadist at Guantanamo, being tortured for information or for his crimes. He was abused every single day for two months. Every single day. Either physically beaten up or denied the medical care that his beatings required. And the parents are deer in headlights when it comes to what happened to that child. Anything other than the maximum sentence would seriously depreciate what happened to this child.

I appreciate the parents have sought treatment now that it's been determined that the child was beat up. I appreciate the fact that it creates a hardship by putting people in jail. I've never been able to figure out how to avoid that one, other than I guess, the person not committing the crime to begin with. So, that has to go back on them. It's unlikely to recur. More than likely, it's unlikely to recur, because nobody will ever put a child in their hands without taking a second look or keeping their eyes on the child the entire time that it's in their care. I certainly wouldn't. The fact that they have sought this treatment and that they have these mitigating

things in their past may go to the amount of the sentence that should be executed but not to the length of the sentence itself or that some of it should be executed. And some of it must be. These people are pathetic examples of parents and the Court, if they're looking for mercy, they're not going to find it here. The Court sentences Mr. Walker to the Indiana Department of Correction for the advisory sentence of 1 year with an additional 1 1/2 years for aggravating circumstances. If I could give you more, Mr. Walker, I would but I can't, so I won't, for a total sentence of 2 1/2 years.

Tr. pp. 33-35 (paragraph breaks added).[2]

[10] Clearly, the trial court relied on the particularly brutal nature and circumstances of the crime, not merely the material elements of the crime, in deciding to sentence Walker to an executed sentence of two and one-half years. Indeed, the court noted the extended period that B.W. had been seriously injured and in

---

[2] The trial court's written sentencing order contained similar language:

Comes now the Court and finds as aggravating circumstances that the harm was caused by the defendant to a totally defenseless, newborn child; that the child was totally dependent upon the defendant; that the abuse occasioned the child was daily throughout each and every moment of the first 2 months of the child's life, and was in the form of repeated acts of physical abuse for which the defendant did not offer protection, and/or repeated failures to seek medical treatment for the physical injuries to which the child was subjected and which the defendant had a legal obligation to provide. Further, the Court finds that a lesser sentence than the one the Court imposes would seriously depreciate the seriousness of the offense and that but for the timely intervention of law enforcement and Child Protective Services the child would have suffered injury that may likely have resulted in the death of the child while in the care, custody and control of both parents. Further, the Court finds that the extreme nature of the physical abuse experienced by the child, and as related to the Court through the Probable Cause Affidavit submitted in this case, as well as in the Child in Need of Services proceedings under Case Numbers 05C01-1410-JC-058 and 05COI-1410-JC-059, was tantamount to continual torture which no reasonable person could have failed to notice and for which no reasonable, caring and loving parent could fail to address through medical attention.

Appellant's App. pp. 144-45.

obvious pain, yet neither Walker nor Burress did anything to seek treatment for the child for weeks. Instead, Walker let a newborn infant suffer. Nor do we agree with Walker that the trial court's consideration of B.W.'s injuries is tantamount to punishing him for inflicting the injuries upon B.W. The trial court merely noted the severity of B.W.'s injuries, the pain the infant was in, and Walker's callous disregard for B.W.'s pain and suffering.

[11] Accordingly, we conclude that the trial court did not abuse its discretion in relying upon the particularly brutal facts and circumstances of the crime and the severity of Walker's behavior as a reason for justifying a sentence greater than the advisory. *See Gomillia*, 13 N.E.3d at 853 (holding that trial court's consideration of nature and circumstances of the crime, which included the leading role the defendant played in the crime and the terror the victim suffered, were not material elements of the offense and therefore appropriate aggravating factors); *Hall v. State*, 870 N.E.2d 449, 464 (Ind. Ct. App. 2007) (where circumstances surrounding defendant's commission of murder, burglary, and criminal confinement was significantly more heinous than the than typical, trial court did not abuse its discretion in considering the nature and circumstances of the crimes as aggravating), *trans. denied*.

[12] Affirmed.

Baker, J., and Pyle, J., concur.